G. Thomas Martin, III., Esq. (SBN 218456)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400 ext. 252
Fax: (866) 802-0021

tmartin@consumerlawcenter.com

Attorneys for Plaintiff, CHRISTINA BRACE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CHRISTINA BRACE,<br><br>Plaintiff,<br><br>v.<br><br>ACCOUNT RECEIVABLE MANAGEMENT OF FLORIDA,<br><br>Defendant. | Case No.: 2:09-cv-06010-VBF(CTx)<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

### VERIFIED COMPLAINT

CHRISTINA BRACE (Plaintiff), by and through her attorneys, KROHN & MOSS, LTD., alleges the following against ACCOUNT RECEIVABLE MANAGEMENT OF FLORIDA (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Second Amended Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Second Amended Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

- 1 -

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Plaintiff resides in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 USC 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with a business office in Jacksonville, Florida.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant calls Plaintiff from telephone number (866) 679-4046.

14. Defendant places calls to Plaintiff at telephone number (818) 915-8592.

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

15. Defendant places telephone calls without meaningful disclosure of the caller's identity.

16. Defendant leaves messages on Plaintiff's voicemail stating to call "Sandy Jenkins" in regard to "business that we are conducting."

17. Defendant failed to identify itself as a debt collector in subsequent communications.

18. Defendant failed to send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant called from a blocked telephone number.

   c. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

   d. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will

- 3 -

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, CHRISTINA BRACE respectfully requests judgment be entered against Defendant, ACCOUNT RECEIVABLE MANAGEMENT OF FLORIDA, for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without disclosure of the caller's identity because Defendant called from a blocked telephone number.

   b. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, CHRISTINA BRACE, respectfully requests judgment be entered against Defendant, ACCOUNT RECEIVABLE MANAGEMENT OF FLORIDA, for the following:

27. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

28. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b),*

29. Actual damages,

30. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

31. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: December 22, 2009

KROHN & MOSS, LTD.

By: _____
G. Thomas Martin, III.
Attorneys for Plaintiff

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## VERIFICATION OF SECOND AMENDED COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, CHRISTINA BRACE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Second Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Second Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Second Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Second Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Second Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHRISTINA BRACE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: December 22, 2009

_____
CHRISTINA BRACE

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL